## Case No. 2,079.

BUCK et al. v. COBB et al.

[Brunner, Col. Cas. 550;[1] 9 Law Rep. 545.]

Circuit Court, N. D. New York. 1847.

PATENTS — INJUNCTION AGAINST AGENT SELLING INFRINGEMENT — PARTIES TO THE BILL TO RESTRAIN INFRINGEMENT—INJUNCTION TO RESTRAIN INFRINGEMENT, WHEN GRANTED.

1. An agent who merely sells an article which is an infringement of a patent, is a joint trespasser with the manufacturer of the same, and an injunction will lie as well against the former as the latter.

[Cited in Potter v. Crowell, Case No. 11,323.]
[See note at end of case.]

2. A person interested in a patent though not within the particular district in which the suit is brought, may be made a party to a bill to restrain infringement in such district.

3. An exclusive possession of long duration under a patent is ground for granting an injunction to prevent an infringement, without obliging the patentee previously to establish his right at law.

[In equity. Bill by Darius Buck and others against Cobb and others to enjoin infringement of a patent. Complainants moved for a preliminary injunction. Motion granted.]

The complainants filed their bill, setting forth that previously to the 20th of May, 1839, the complainant, Buck, was the inventor of improvements in a cooking stove, for which he, on that day, obtained a patent [No. 1,157]. Copies of the letters patent and specification were annexed. The specification claimed as the invention, the extending of the oven under the apron, or open hearth of the stove, in combination with reverberating flues for conducting the heat, etc., under the oven into a hot air chamber, in front of the oven under the hearth. The stove made according to this patent is known as Buck's cooking stove. The bill further set forth that the improvements were put into use soon after the patent was obtained, and were useful and of great value, and a source of profit to the patentee. The bill was accompanied by various affidavits, setting forth the title of the complainants and the infringement of the patent by the defendants. It appeared from them that the complainants were the joint owners of the patent for the whole United States, although the complainant Buck had no interest in the same within the city and county of Albany, and that the defendant Cobb was engaged in the city and county of Albany, in manufacturing stoves of a patent known as Hermance's patent, claimed to be made under a patent obtained by one John C. Hermance, later in point of time than Buck's patent, which stoves the defendant Hermance was engaged in selling in various parts of the country. Those stoves, as the complainants alleged, embraced the improvements patented by Buck, and were a violation of his

patent. It further appeared that an action at law in the circuit court of the United States, for the northern district of New York, had been instituted against the defendants, for a violation of Buck's patent, which was tried at Albany, in October, 1845. But the jury did not agree upon a verdict. Another trial was had at Albany, in October, 1846, and the jury again failed to agree. The complainants had already incurred in prosecuting the litigation some twelve hundred dollars of costs, and had paid out four hundred and fifty dollars for counsel fees. It also appeared that in July, 1846, an injunction had been granted by the circuit court of the United States for the district of Ohio, restraining certain parties from making stoves embracing a part only of the improvements patented by Buck. [See Buck v. Gill, Case No. 2,080.] The bill prayed for an injunction.

The defendants resisted the motion for an injunction on several grounds, and contended: 1st. That they were not joint trespassers, and not liable to be jointly sued, Hermance selling only as agent stoves manufactured by Cobb, and having no interest whatever in the stoves made and sold. 2d. That Darius Buck, not being interested in the patent within the city and county of Albany, was improperly joined as a complainant in the bill. 3d. That Buck was not the original inventor of the improvements patented by him, but that the Hoxie stove and the Hathaway stove, which were in use before his patent, combined all the improvements patented by Buck. 4th. That the specification did not describe the invention in sufficiently full, clear, and exact terms. 5th. That the stoves made under Hermance's patent were not a violation of Buck's patent. 6th. That the patent of Buck had not been enjoyed quietly and without question long enough to entitle the complainants to an injunction, and that under the circumstances of this case they could not have any injunction until they obtained the verdict of a jury in favor of the patent.

Rodman L. Joice and William H. Seward, for complainants.

David Wright, for defendants.

CONKLING, District Judge, overruled all these objections, and granted an injunction restraining the defendants from violating Buck's patent, by making or selling stoves under Hermance's patent. The judge held: 1st. That the defendants were properly sued jointly. 2d. That Buck being interested in the patent within the United States, though without the city and county of Albany, was interested in protecting himself against the sale out of the city and county of Albany of stoves manufactured there, in violation of his patent, and therefore was properly joined as complainant in a bill to restrain the manufacture of such stoves in the city and coun-

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

ty of Albany, or at least that the objection made to joining Buck as a complainant was not important to be considered on this motion. 3d. That Buck was the original inventor of the improvements patented by him, and that the Buck stove was wholly different in principle and in construction from both the Hoxie stove and the Hathaway stove. 4th. That the specification was sufficient. 5th. That the stoves made under Hermance's patent were a violation of Buck's patent. The judge had no doubt on this point, and said, that both himself and Mr. Justice Nelson were very much surprised on the first trial that the jury did not bring in a verdict for the plaintiffs. [Judge Conkling, did not attend the last trial.] [2] 6th. That the complainants had endeavored in good faith to obtain the verdict of a jury in their favor, on a trial at law against the defendants, and had done all in their power at a great expenditure of money and loss of time to effect that object; that meantime they had lost opportunities of selling out rights in the patent, for no one would buy while the patent was in litigation; that half of the lifetime of the patent was already gone, and the defendants were undoubted infringers, and that under those circumstances, and with the strong disposition manifested of recent years by the courts of the United States to regard patents and patentees more and more with a favoring eye, and to do all in their power to secure to inventors the rewards of their genius against the incursions of pirates, the patent itself must be held to be prima facie evidence of all the complainants claimed under it, and the burden of overthrowing it must rest upon the defendants. And so the injunction was granted.

NOTE [from original report]. Liability for Selling Infringement. Persons making sales for the owner of an infringement are rendered personally liable as infringers. Potter v. Crowell [Case No. 11,323].

[NOTE. For other cases involving this patent, see Buck v. Gill, Case No. 2,080, note.]